Lyons J„
delivered the opinion of the Court.
The principal point made in this cause, on the part of the appellant, is, that slaves are real estate, and can only be considered as assets in the hands of the executors sub modo.
Slaves, from their nature, are chattels. They were originally so, and the law made them real estate, only in particular cases, such as in descents, See. But in most other instances, and especially in the payment of debts, they were declared to be personal estate. It is true, the law has protected slaves from distress, or sale, where there is a sufficiency of other personal estate to pay debts or levies, and in this respect thev differ from other chattels; but this qualified exemption does not change their nature, or give to them the qualities of real property. Slaves therefore, being clearly assets in the hands of an executor, and liable to the payment of debts, the executor had a ri >ht to demand securitv of the legatees before he delivered *10 them up, and a Court of Equity would not have com-him to part with the possession, without such security being given, upon the principle of making hjm equity who would have it. The executor appears in this case to have consented to the division directed by the county Court, since it does not ap. pear, that he disclosed the fact of debts subsisting against the estate, or that he opposed the order which, was made upon any principle whatever. That order should be construed according to the reason and justice of the case, and that it was intended only to compel a division of the estate which should remain, after satisfying all legal demands against it. If the executor, with a know ledge of this claim, chose to deliver the slaves to the legatees, without taking security to refund, under an opinion that he had money in his hands to satisfy the debt, he might have made a legal tender of the money, and thus have exonerated himself. But this he did not do. The executor being a trustee for creditors, ought to have taken care to keep enough in his hands to satisfy them, and it is no answer to their demand against him to say, that they may pursue the legatees. They are under no obligation to follow' the estate, though they may do so, if they please. Whether the executor has subjected himself to a devastavit or not, would be a premature inquiry at this time; when a suit is brought suggesting a devastavit, that question may properly be decided.
As to the other objections, there is no weight in them. The Act of 17b 1, relied upon in the third plea, does not extend to contracts made antecedent to the 1st of January, 1777. This Act has been greatly misunderstood. The principle of the decision in the. case of Kenner v. Turner, was soon after reconsidered, and corrected ; for it was absurd to scale specie debts. Whether the executor in this case kept the money or not, does not appear; but if he did not make a legal tender, and kept it} it was his own fault.
Though the issues are not formally joined, yet they *11 Slave been fairly tried, and being found bj? the jury, it is now too late to seek an advantage in consequence ©f that informality.
Judgment affirmed.([1])

(1) 2 Hen. & Munf. 69. 77.